**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:23-CR-251(1)-ADA** |
| | § | |
| **JONATHAN FARRIS SAFFA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Jonathan Farris Saffa's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On April 24, 2024, United States District Judge Alan D. Albright sentenced JONATHAN FARRIS SAFFA for one count of Passing Counterfeit Obligations and one count of Possession of Counterfeit Obligations, both in violation of United States Code Title 18, Section 472. Judge Albright sentenced Saffa to imprisonment for a total term of 36 months—30 months for count one and six months for count two, to run consecutively—with a three-year period of supervised for each count to follow, to run concurrently for a total period of three years of supervised

release. Saffa began his period of supervised release on November 26, 2025. On January 26, 2026, Judge Albright further ordered that Saffa participate in mental health and substance abuse treatment programs. Saffa then submitted a urine specimen that tested positive for amphetamines on February 3, 2026. At that point, the Court did not take any action.

On February 24, 2026, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Saffa violated the terms of his supervision in the following ways:

**Violation Number 1:** Saffa violated Mandatory Condition Number 1; he shall not commit another federal, state, or local crime during the term of supervision, in that on or about February 11, 2026, Saffa was arrested for Forgery of a Financial Instrument, a 2nd-degree felony under Cause No: D-1-DC-26-201285, and Possession of a Controlled Substance, Schedule I, a 3rd-degree felony under Cause No:D-1-DC-26-201274.

**Violation Number 2:** Saffa violated Mandatory Condition Number 2; he shall not unlawfully possess a controlled substance. On February 11, 2026, Saffa had in his possession a controlled substance, methamphetamine, when he was arrested.

**Violation Number 3:** Saffa violated Special Condition Number 10; he shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances that impair a person's physical or mental functioning, whether or not intended for human consumption. On January 16, 2026, Saffa submitted to a random drug test and the results returned positive for amphetamines.

On April 7, 2026, the Court held a hearing on the petition. At the hearing, Saffa pled **TRUE** to all violations. The petition contained a sufficient factual basis to support his pleas of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Saffa's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Saffa violated the conditions of his supervision as alleged in the petition.

2. Saffa was competent to make the decision to enter his pleas of **TRUE**.

3. Saffa had both a factual and rational understanding of the proceedings against him.

4. Saffa did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Saffa was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his pleas.

6. Saffa was sane and mentally competent to stand trial for these proceedings.

7. Saffa was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Saffa received a copy of the petition naming him, and he either read it or had it read to him.

9. Saffa understood the petition and the charges alleged against him.

10. Saffa had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Saffa was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Saffa understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Saffa freely, intelligently, and voluntarily entered his pleas of **TRUE**.

14. Saffa understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Saffa's pleas of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Saffa's supervised release be **REVOKED** and that he be sentenced to the following:

(1) an 18-month term of imprisonment for both counts to run concurrently, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 7th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE